#### No. 975
#### AMERICAN SOAP CO. v. BOGUE
Ohio Appeals, 1st Dist., Hamilton Co.

No. 2638. Decided July 6, 1925

313. CORPORATIONS—Where the stockholders of an unauthorized corporation doing business in Ohio can not be held liable as partners.

HAMILTON, J.

The American Soap Co., in the Hamilton Common Pleas, claimed that Charles Bogue was president, manager and director of the Ferndell Co., and the Operative Cafeteria Co., both Illinois corporations; that Bogue opened a restaurant in Cincinnati, and, in the course of business ordered certain goods from the Soap Co.

That the Ferndell Co. was not authorized to do business in the State of Ohio, and by reason thereof Bogue was personally liable for all the obligations incurred in the name of the Ferndell Co., and that all the officers of the Company were liable but were not joined in this action because their addresses were unknown.

It was alleged that a balance of $811.80 remained owing to the Soap Co., and for these reasons suit was prosecuted. A demurrer to the Soap Company's petition, that no cause of action was shown, was sustained, and judgment was rendered in favor of Bogue. Error was prosecuted and the Court of Appeals held:

1. The Soap Co. claims that a foreign corporation doing business in state without authority makes stockholders liable as partners.

2. This decision is not sound law.

3. That decision was based on the following: "A person who assumes to act as an agent for a non-existing or a legally incompetent or irresponsible principal, renders himself personally liable to the person with whom he deals if the want of authority is unknown to the person with whom he deals."

4. This is not the case here. There is nothing in the statute adding a personal civil liability, by reason of transaction of business in Ohio, upon failure to take out a certificate for authorization to transact business in Ohio.

5. Corporations are solely creatures of the statutes. By statutes they are made liable on their contracts, but are precluded from maintaining an action or defending in absence of such certificate.

6. To hold the officers liable as partners, for the failure to secure the certificate to transact business in the state would be to judicially legislate.

7. This conclusion being in direct conflict with a decision of the Ross Appeals, the case shall be certified to the Supreme Court for final decision.

Attorneys—H. J. Siebenthaler for Soap Co.; DeCamp, Sutphin & Brumleve, and L. T. Lytle for Bogue; all of Cincinnati.